AMERICAN MULTIGRAPH CO. AND SUBSIDIARY COMPANIES (AMERICAN MULTIGRAPH SALES CO. AND INTERNATIONAL MULTIGRAPH CO.), PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6772. Promulgated January 31, 1928.

*Arthur B. Foye, Esq.*, for the petitioners.
*L. C. Mitchell, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The only question presented in this proceeding is whether or not the respondent erred in the determination of the amount of a deduction allowable in 1917 for an inventory loss sustained under a contract performed partially in 1916 and partially in 1917. The total amount of the loss, $183,445.06, is not in controversy.

The petitioner contends that since the amount of the inventory shortage was not determined and entered upon its books until the year 1917, the entire amount of the shortage is a loss sustained and deductible in that year. The respondent contends that a portion of the loss was sustained in the year 1916, and although it was not definitely ascertained in amount, that portion is deductible in the year 1916, and not in the year 1917. Respondent further urges that, in the absence of evidence showing the exact amount of the loss in the respective years, the total loss should be apportioned to each year upon the basis of the contract period falling within each year.

Section 12(a) of the Revenue Act of 1916, not amended by the Revenue Act of 1917, provides that in computing the net income there shall be allowed a deduction for losses actually sustained in the taxable year. It is clear that under this provision of the statute only those losses actually sustained within the taxable year may be deducted from gross income for that year, and that a loss must be deducted, if at all, in the year in which actually sustained and can not be deducted in any other year. This is true even though the amount of the loss can not be determined until a later year. (See *Martin Veneer Co.* v. *Commissioner*, 5 B. T. A. 207.)

Operations under the contract covered a total period of nine months, six of which fell within the year 1916, and the remaining three in 1917. Upon this basis the respondent has allocated two-thirds of the total inventory shortage to the year 1916, and the balance of one-third to the year 1917, and has allowed a deduction in the taxable year of one-third of the total loss, or $61,148.35. There is no evidence of the actual loss sustained in the respective years, nor does the petitioner advance any more equitable basis of allocation of the total loss than that employed by the respondent. In the absence of evidence of the exact amount of the loss sustained in the respective years, we are of the opinion that the basis employed by the respondent for the allocation of the total loss is fair and equitable. We are

unable to say, upon this record, that the loss sustained in the taxable year 1917 exceeded the amount determined by the respondent. (*Cf. Appeal of Converse & Co.*, 1 B. T. A. 742; *C. B. Haynes Co.* v. *Commissioner*, 6 B. T. A. 88.)

We find no error in respondent's determination.

*Judgment will be entered for the respondent.*